DAVID SWEARENGEN

*v.*

GILBERT GULICK *et al.*

1.    JURISDICTION—*administrator's sale of land.*    In a proceeding by an administrator, in 1847, for an order to sell the lands of his intestate to pay debts, the circuit court, on the cross-bill of the widow, in the decree of

sale directed her dower to be set off in the premises: *Held*, that, as the court acquired jurisdiction to order the sale by the petition of the administrator, it could not be ousted of the same by the widow's cross-bill for dower and the proceedings under it.

2. SAME—*when presumed.* It is a rule of uniform application, that, in relation to superior courts, or courts of general jurisdiction, nothing is presumed to be out of their jurisdiction but that which specially appears to be so; but, on the contrary, nothing shall be intended to be within the jurisdiction of an inferior court but that which is expressly alleged. This rule is limited to collateral proceedings, and when the record of a judgment or decree is relied on collaterally jurisdiction must be presumed in favor of a court of general jurisdiction, although it be not alleged or fail to appear in the record.

3. SAME—*presumption, how overcome.* Where a judgment or decree is silent as to service, and the summons in the case shows a want of, or an insufficient service, the presumption of jurisdiction will be overcome. Such presumption is liable to be rebutted.

4. Where the papers and files were lost in a proceeding by an administrator to sell land to pay debts, and the record showed only a decree of sale, it was *held*, in a collateral proceeding attacking the sale, that it would be presumed that the circuit court ordering such sale had jurisdiction of the persons of the heirs at law of the intestate.

5. ADMINISTRATOR'S SALE—*heirs need not be made formal parties.* In an application, under the Revised Statutes of 1845, by an administrator for an order to sell land to pay debts, it was not essential to the jurisdiction of the court that the heirs of the intestate should be made formal parties to the record, and therefore the fact that their names do not appear in the decree will not affect the jurisdiction of the court.

6. EVIDENCE—*secondary—contents of deed.* Where the existence of a lost unrecorded deed is clearly shown, and proof of diligent search therefor is made, it is not erroneous to admit parol evidence of its contents by a witness familiar with the same.

APPEAL from the Circuit Court of Champaign county; the Hon. JAMES STEELE, Judge, presiding.

This was an action of ejectment, by Gilbert Gulick and others, the heirs at law of Stephen Gulick, deceased, against David Swearengen. The land in dispute had been sold by the administrator of Stephen Gulick, deceased, on December 24, 1847, under a decree of the circuit court of Champaign county, rendered at the September term thereof, 1847, for the

14—67TH ILL.

purpose of paying the debts of the deceased. On a trial, the plaintiffs recovered judgment, and the defendant appealed.

Mr. C. B. SMITH, and Mr. GEORGE GERE, for the appellant.

Mr. J. S. JONES, and Mr. J. R. GULICK, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of ejectment, brought by appellees, in the circuit court of Champaign county, against appellant, to recover a tract of land containing eighty acres. Appellees claim to derive title as heirs and descendants of Stephen Gulick, deceased; and appellant claims to derive title from the same source, under a decree of the Champaign circuit court licensing the administrator to sell the lands of deceased for the payment of debts against the estate, and a sale and conveyance by the administrator, and *mesne* conveyances from him and others to appellant.

The files in the case are proved to have been lost, and nothing remains but the decree and master's report of the sale.

It is first objected that the circuit court ordering the sale did not have jurisdiction to render the decree, because the widow's dower was directed to be assigned in the decree authorizing the sale to pay debts; that there was no statute then in force which authorized the allotment of dower in the proceeding for the sale of the land.

It is not, nor can it be denied, that the circuit court could, under the statute, take jurisdiction to order the sale of real estate for the payment of debts against the estate of a deceased person; and having, by the petition, acquired jurisdiction of the subject matter, it could not be ousted of that jurisdiction by the widow filing a cross-bill for her dower. The court, by the petition, obtained jurisdiction to hear and determine the application by the administrator.

The title of the proceeding, as it appears in the record, is, "In the matter of the petition of John Gilliland, administrator of the estate of Stephen Gulick, deceased, to sell real estate." The title shows that the main proceeding was for the sale of the real estate, and that the cross-bill was but incidental, and, we may infer, was filed by the widow to obtain the admeasurement of her dower. And whether the court obtained jurisdiction or not to assign dower in that proceeding, it could in nowise affect the jurisdiction to order the sale of the real estate. The court could, of course, and no doubt did, consider and determine each application on its merits, unaffected by the other; and we see that separate decrees were rendered, although, no doubt, on the same paper and under the same title of the case. We perceive no force in this objection.

We now come to the consideration of the more difficult question, whether the decree imports and is evidence that the court had jurisdiction of the persons of the defendants in the petition. It has been held that it is not essential to the jurisdiction of the court that the heirs be made formal parties to a proceeding of this character. *Gibson* v. *Roll*, 27 Ill. 88; *Mason* v. *Wait*, 4 Scam. 127. So the fact that the names of the defendants do not appear in the decree does not affect the jurisdiction.

Had there been a notice and certificate of publication found in the record, or had the decree recited that publication had been made, then the case would have been free from doubt. But neither of these appears in the record. It, however, is a rule of uniform application that, in relation to superior courts, or courts of general jurisdiction, nothing is presumed to be out of their jurisdiction but that which specially appears to be so; but, on the contrary, nothing shall be intended to be within the jurisdiction of an inferior court but that which is expressly alleged. 1 Wm. Saund. 27; 2 Ld. Raymond, 796; *Beaubien* v. *Brinckerhoff*, 2 Scam. 269; *Kenney* v. *Greer*, 13 Ill. 432. This rule is limited to collateral proceedings, and where

the record of a judgment or decree is relied on collaterally jurisdiction must be presumed in favor of a court of general jurisdiction, although it be not alleged or fails to appear in the record.

The rule has been announced in a number of cases in this court, that, where the judgment or decree is silent as to service, and the summons in the case shows want of, or insufficient service, then the presumption of jurisdiction will be overcome; that the question of service is primary, and must be determined before proceeding to adjudicate, and it will be presumed in all collateral proceedings, that a court of general jurisdiction heard evidence and determined that there was sufficient service. But this presumption is liable to be rebutted. *Clark* v. *Thompson*, 47 Ill. 25, and other cases might, if deemed necessary, be cited in which the same rule is announced.

According, then, to this rule, we must presume that the court below had jurisdiction of the persons of the defendants before the decree was rendered, and there being no evidence to rebut that presumption, it must be held that the decree and sale were amply sufficient to pass the title from the heirs to Somers, the purchaser at the administrator's sale.

It is urged that the court erred in admitting parol evidence of the contents of the deed from the administrator to Somers. After carefully examining the record, we think that the former existence of the deed and its subsequent loss, was sufficiently shown to authorize proof of its contents. It was not recorded, and Somers swears to having made diligent search for the original, and that it could not be found. He says he had seen the deed within twelve months of the time he testified, and he seems to be familiar with its contents, and on that his evidence is quite satisfactory.

We think there was no error in admitting parol evidence of the contents of the deed, and that the conveyance of the land by the deed is sufficiently proved. It, then, follows that the sale and conveyance by the administrator divested the

heirs of Gulick of all title to the land, and they failed to show title, and could not rightfully recover.

The judgment, even had their claim been established, was not for the proper amounts counted for in each count of the declaration, and failed to properly describe the several share of each plaintiff. But, in the view we have taken of the case, it is not necessary to discuss that or the question of limitation.

Forasmuch as appellees failed to show a right to recover, the judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*