# E. C. BENEFIELD

### · v.

# JAMES ALBERT.

*Filed at Mt. Vernon April 22, 1890.*

1. EVIDENCE—*decree in partition—what matters established thereby.* In an action of ejectment, it was held that a decree in partition which finds the allegations of the petition to be true, among which is that of the death of a person and the heirs he left, is *prima facie* evidence of the death and heirship.

2. TENANCY IN COMMON—*possession of one—as the possession of all.* The possession of one of several tenants in common is the possession of all. All acts done by a co-tenant relating to or affecting the common property, are presumed to have been done for the common benefit of all the co-tenants.

3. EJECTMENT—*recovery upon prior possession.* In an action of ejectment, proof of a prior possession in the plaintiff under claim of ownership is *prima facie* evidence of ownership and seizin, and is sufficient to authorize a recovery, unless the defendant shows a better title.

4. JURISDICTION—*courts of general jurisdiction—presumption.* Nothing is presumed to be without the jurisdiction of courts of general jurisdiction except what specially appears to be so. Therefore, when the record on a petition for partition, and the decree, failed to show service of process upon the minor defendants, it was *held,* that service on the minors, in the absence of record evidence to the contrary, would be presumed.

5. GUARDIAN'S SALE—*error in decree—not going to jurisdiction.* The fact that a decree or order of court authorizing a guardian's sale may fail to fix a time and place of sale, may be erroneous, but this does not affect the jurisdiction and render the sale void.

6. NOTICE OF TAX SALE—*of its requisites—to authorize tax deed.* A notice of tax purchase served on a party in possession, stated that the sale was June 1, 1885, and that the time of redemption would expire on June 2, 1887: *Held,* that the notice was fatally defective, in failing to give the day on which the redemption would expire, and that the misstatement in the notice rendered the' tax sale and deed void.

7. PRACTICE—*specific objection—when necessary.* Where a general objection, only, is made to the introduction in evidence of an order of court authorizing a guardian's sale of land, its admission in evidence

can not be assigned for error on the ground that the record in the case, showing the jurisdiction of the court, was not first offered. A specific objection to evidence that might be obviated comes too late on appeal or error.

APPEAL from the Circuit Court of Lawrence county; the Hon. WILLIAM C. JONES, Judge, presiding.

Mr. W. A. CULLOP, and Mr. E. CALLAHAN, for the appellant:

So far as the evidence in this case extends, the title to the lands is still in the general government. (*Bagnell* v. *Broderick*, 13 Pet. 436; *Fenn* v. *Holmes*, 21 How. 481; *Wilcox* v. *Jackson*, 13 Pet. 498; *Hooper* v. *Scheiner*, 23 How. 235.) And this outstanding title in the general government is sufficient to defeat any recovery. *Rupert* v. *Mark*, 15 Ill. 540; *Stuart* v. *Dutton*, 39 id. 91; *Masterson* v. *Cheek*, 23 id. 72; *Ballance* v. *Flood*, 52 id. 49.

It is then assumed that William H. Harrison, on the 27th day of June, 1821, conveyed this land to John Cleves Symmes Harrison, and the deed was recorded in Indiana, but not in Illinois. This deed was excluded by the court, and there is left no evidence that any title ever passed from W. H. Harrison.

The partition decree was improperly admitted in evidence. The infant defendants were not served with process, and appeared only by guardian *ad litem*. The decree clause authorizing the guardian's sale was void, and no title passed by the sale. Counsel also relied upon a tax title in defense.

Mr. C. G. BORDEN, and Mr. GEORGE HOFFMAN, for the appellee:

No patent was necessary to convey these lands, but any memorandum in writing was sufficient evidence of the Governor's confirmation of the grant. *Doe* v. *Hill*, Breese, 304; *Reichart* v. *Felps*, 33 Ill. 433; *Payne* v. *Markle*, 89 id. 70.

The possession by one tenant in common was that of all. *Park Comrs.* v. *Coleman*, 108 Ill. 599; Freeman on Co-tenancy, sec. 166.

The prior possession by the tenants in common creates a *prima facie* title in favor of appellee, who holds under them. *Herbert* v. *Herbert*, Breese, 357; *Davis* v. *Easley*, 13 Ill. 198; *Barger* v. *Hobbs*, 67 id. 597; *Harland* v. *Eastman*, 119 id. 22.

It will be presumed, in the absence of evidence to the contrary, that the minor defendants were duly served, and that the court had jurisdiction. *Swearengen* v. *Gulick*, 67 Ill. 209; *Kenney* v. *Greer*, 13 id. 432; *Wenner* v. *Thornton*, 98 id. 157.

The objection that the petition and papers in the guardian's sale were not offered with the order of sale, comes too late in this court. *Swift* v. *Whitney*, 20 Ill. 144; *Montague* v. *Selb*, 106 id. 59; *Daniels* v. *Burso*, 40 id. 307.

The notices on which the tax deed issued were wholly insufficient. *Price* v. *England*, 109 Ill. 394; *Taylor* v. *Wright*, 121 id. 455; *Wallahan* v. *Ingersoll*, 117 id. 123; id. 568.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of ejectment, brought by appellee, James Albert, against appellant, to recover locations Nos. 25, 26 and 27, town 3 north, range 10 west, in Lawrence county, except so much of location 27 as lies within section 33, town 4 north, range 10 west. These tracts of land, and location No. 24, which joins them on the south-west, constituted what was originally known as the Harrison land, containing in all 608 acres. It is claimed by the plaintiff, that these lands were confirmed in William Henry Harrison by the governor of the territory of the United States north-west of the Ohio river, as shown by volume 1 of American State Papers, page 509. The lands were duly surveyed and platted,—location No. 24 containing 200 acres; No. 25, $136\frac{10}{100}$ acres; No. 26, $136\frac{10}{100}$ acres; No. 27, $136\frac{16}{100}$ acres, as shown by a plat in the record, certified from the office of the surveyor general for Illinois and Missouri. But it will not be necessary to determine whether the title vested in William Henry Harrison or not, for the reason that plaintiff did not connect himself with that title.

Plaintiff offered in evidence a certified copy of a deed from the records of Knox county, Indiana, from William Henry Harrison to his son, John Cleves Symmes Harrison, purporting to convey the four locations; but upon the objection of the defendant the court excluded the deed. But laying aside the deed excluded by the court, plaintiff claimed to have established title sufficient to recover, by proving prior possession of the premises by the heirs of John Cleves Symmes Harrison, claiming the fee, connecting himself with the heirs by divers *mesne* conveyances read in evidence. On the 11th day of September, 1843, James M. Roberts, and Ann M., his wife, (the deed reciting Ann M. to be Ann M. Harrison, daughter of John C. S. Harrison, deceased,) conveyed to Daniel Benedict the undivided sixth part of the four several locations in controversy. In connection with this deed, the evidence shows that Benedict, as early as 1843, moved on the south part of the land. When he first went on the land he occupied a cabin. Afterwards he built a frame house one-story and a half high, fenced and broke fifty acres of the land, and resided on the land until his death, in 1855 or 1856.

Clara H. Banks filed a petition for partition in the circuit court of Lawrence county, in which she alleged that John Cleves Symmes Harrison departed this life in 1830, seized of the four locations of land in controversy. The names of his heirs, including petitioner, are alleged. It is also alleged that Ann Maria Harrison Roberts, by deed of September 11, 1843, conveyed the undivided one-sixth of said several locations to Daniel Benedict. The petitioner alleges that she is entitled to an undivided one-fourth of the premises; that William Henry Harrison is entitled to one-fourth; that Symmes H. Hunt, Clara P. Hunt and Mary S. Hunt are each entitled to one-twelfth part thereof, and that James M. Roberts, Jr., is entitled to one-twelfth part thereof; that Daniel Benedict is entitled, by virtue of the conveyance to him, to one-sixth thereof. Under this petition, commissioners were appointed

to make partition of the lands, and after being sworn, as required by law, they did divide the lands between the several owners, and filed a report, which was approved by the court. They also filed, as a part of their report, a plat showing the position of land set apart to each owner, as follows:

If the allegations of the petition and the findings of the decree in the partition proceedings are true, it is clear that

John Cleves Symmes Harrison died seized of the premises, and when the decree was rendered, Clara H. Banks, Daniel Benedict, William Henry Harrison, Symmes H. Hunt, Clara P. Hunt and Mary S. Hunt, and James M. Roberts, Jr., owned the premises as tenants in common. The question therefore presented is, what effect is to be given as evidence to the decree in the partition proceedings. The same question arose in *Delano* v. *Bennett*, 90 Ill. 533, and we there held that a decree in a suit for the partition of land, by heirs, which finds the allegations of the petition true,—among which is that of the death of a person and the heirship of the parties,—is *prima facie* evidence of the death and heirship, against a party in ejectment. The decision in that case seems to be conclusive of the question presented here. Indeed, no reason has been suggested why a decree of a court of general jurisdiction, where the court has jurisdiction of the subject matter upon which the decree operates, and jurisdiction of the person, should not at least be regarded *prima facie* evidence of all matters found and determined in the decree.

In connection with the facts found by the decree establishing who were the owners of the premises, is the evidence that one of the tenants in common was in the possession of the premises. The possession of one tenant in common is the possession of all the co-tenants. As was properly said in *Park Commissioners* v. *Coleman*, 108 Ill. 599, it is a general rule of law that all acts done by a co-tenant, relating to or affecting the common property, are presumed to have been done for the common benefit of all the co-tenants. Here was therefore proof of prior possession by the grantors of plaintiff, claiming to be the owners of the fee; and it is a well settled rule of law in an action of ejectment, that proof of prior possession under claim of ownership is *prima facie* evidence of ownership and seizin, and is sufficient to authorize a recovery, unless the party defendant shall show a better title. *Barger* v. *Hobbs*, 67 Ill. 592.

It is, however, claimed, that the decree in the partition proceedings is void, because, as is claimed, Symmes H. Hunt, Clara P. Hunt and Mary S. Hunt, who were minors, were not brought into court by service of process. These persons, with others, were made defendants to the petition for partition, and in the petition process was prayed against them, but the decree does not find whether they were served with summons or not. It is silent on this subject, and from the fact that the decree does not affirmatively show that they were served, it is argued that summons was never served upon them. We do not regard the position tenable. Where a decree is called in question collaterally, as is the case here, it may be regarded as a general rule, that in all courts of general jurisdiction nothing is presumed to be out of their jurisdiction but what specially appears to be so; but, on the contrary, nothing shall be intended to be within the jurisdiction of an inferior court but that which is expressly alleged. (*Swearengen* v. *Gulick*, 67 Ill. 208.) In the case cited it was also held, that where the decree was silent as to the jurisdiction of the court over the defendants, in the absence of evidence showing that jurisdiction was not acquired, it would be presumed that the court had jurisdiction. Here, the court appointed a guardian *ad litem* for the minor defendants, and the guardian answered, and the presumption is that the minors were served with process, or the court would not have appointed a guardian *ad litem*. Service of process was the primary inquiry, and it will be presumed the court first ascertained that fact before proceeding to adjudicate on other questions in the case.

The plaintiff also offered in evidence, as links in his chain of title, orders of the circuit court of Lawrence county, authorizing Jacob Young, guardian of Symmes H. Hunt, Clara P. Hunt and Mary S. Hunt, to sell the lands set apart to his wards, in the partition of the lands of which John C. S. Harrison died seized. The petition and notice of the application for the sale were not introduced in evidence, and it is now

claimed that the court erred in allowing the order or decree of sale to be read in evidence, as there is nothing to show any of the jurisdictional facts existing which would authorize the court to decree a sale. When these decrees or orders of sale were offered in evidence, nothing but a general objection was interposed, and we think it is now too late to make the specific objections here made. Had the objections now relied upon been made when the decrees were offered in evidence, no doubt plaintiff could have obviated all of them by introducing other evidence. By remaining silent when it was the duty of defendant to make specific objections, we think the objections were waived.

It is also said that the decree is void, because no time or place is fixed therein for the sale of the property. That may have been an error, but the omission does not affect the jurisdiction, and could not render the sale void. *Spring* v. *Kane,* 86 Ill. 580.

The plaintiff put in evidence deeds made by the guardians in pursuance of the sale, and divers other deeds connecting himself with the different owners, as shown by the decree in the partition proceedings. But as no special objection is interposed to these deeds, it will not be necessary to make any particular reference to them.

The defendant, in addition to the objections interposed to the plaintiff's title, relied, as a defense, upon a tax title, and, for the purpose of establishing this defense, read in evidence two tax deeds—one executed July 19, 1887, for location No. 26, which recited a sale of the land on June 1, 1885. The other deed purported to convey locations Nos. 25 and 27. This deed was predicated on a sale of the lands, as recited therein, June 2, 1885. Various objections are made to the validity of the tax sales, but it will only be necessary to consider one of them, as that is fatal.

It appears that Mary Norton was in possession of the locations sold for the assessment, and the assignee of the purchaser

served a notice on her of such purchase and when the time of redemption would expire. In the notice he stated that the three locations were sold on the 1st day of June, 1885, and that the time of redemption would expire on the 2d day of June, 1887. Section 216 of the Revenue law required the purchaser or his assignee to serve a notice on the person in possession, in which, among other things, he shall state when he purchased the premises, and when the time of redemption will expire. Under section 212, the time of redemption expires in two years from the day of sale. If the property was sold as stated, the time for redemption would expire on the first day of June, 1887. The notice therefore did not correctly state the time of redemption, and hence was no compliance with the statute. This court has held in several cases, that a misstatement in the notice of the expiration of the time of redemption will render invalid the tax deed. (*Wisner* v. *Chamberlin*, 117 Ill. 568.) Disregarding other objections to the tax title relied upon, the one indicated is fatal.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*