JACOB W. CASSELL *et al.*

*v.*

ADAM JOSEPH *et al.*

*Opinion filed February 19, 1900.*

1. COURTS—*liberal intendments are indulged in favor of judgments of county court within its jurisdiction.* When the county court acts within the limits of its jurisdiction, as liberal intendments will be indulged in favor of its judgments and decrees as are indulged in favor of judgments and decrees of the circuit court.

2. SAME—*when county court's jurisdiction to enter decree of sale will be presumed.* It will be presumed that the county court had jurisdiction to enter a decree for a sale by an administrator to pay debts though the record does not affirmatively show that defendants in the proceeding were served with process, where no objection was made to the validity of the decree for thirty-six years, and no evidence is offered in the collateral proceeding attacking it to show want of jurisdiction.

WRIT OF ERROR to the Circuit Court of Lawrence county; the Hon. E. E. NEWLIN, Judge, presiding.

This is a bill for partition and to confirm a parol partition of land, filed by the defendants in error against the plaintiffs in error. The bill also asks for the removal, as a cloud upon the title of the complainants therein, of a certain deed made by some of the heirs of Joseph Riley, deceased, to the plaintiff in error, Jacob W. Cassell. The bill was answered by Jacob W. Cassell and Alice J. Cassell, his wife, and by James W. Emison and Hugh C. Barr, who held a mortgage upon the interests of the Cassells in the land. Upon a hearing of the cause, the court entered a decree in favor of the complainants below, the defendants in error here, in accordance with the prayer of the bill.

The premises in controversy are the west half of the south-east quarter of section 27, township 3, range 11, in Lawrence county. The facts as shown by the pleadings and evidence are as follows:

On September 15, 1853, the United States government issued a patent granting the west half of the south-east quarter of said section to Joseph Riley and David Bishop. Riley and Bishop soon thereafter made a parol partition of the eighty acres between themselves, Riley taking the north forty acres, or the north-west quarter of the south-east quarter, and Bishop taking the south forty acres, or the south-west quarter of the south-east quarter; but the record showed that Riley and Bishop each owned an undivided one-half of the west half of said south-east quarter. Riley died in 1855.

At the June term, 1858, of the county court of Lawrence county, William D. Adams and A. J. Warner, administrators of the estate of Joseph Riley, deceased, filed a petition in said court for the sale of Riley's interest in said land, and in other lands, to pay the debts of his estate. Such proceedings were had in the matter of said application to sell, that, in August, 1858, the administrators sold the undivided half of the west half of said south-east quarter at public sale, and the same was pur-

chased by Isaac Joseph, to whom the administrators made a deed, dated August 21, 1858, and recorded on September 4, 1858. The parol partition, which had been made between Riley and Bishop, was recognized by Bishop and Issac Joseph after the purchase by the latter at the administrator's sale.

In 1887 Isaac Joseph died intestate, leaving as his only heirs-at-law the defendants in error herein, Adam Joseph, Jacob Joseph, Carl Joseph and Bettie Heiman. In 1873, or thereabouts, Bishop, considering himself as the owner of the south-west quarter of said south-east quarter, conveyed the same to Leander Buck. In 1879, Buck conveyed said south-west quarter to John W. Emison and Hugh C. Barr. On February 6, 1892, Emison and Barr conveyed said south-west quarter to Jacob W. Cassell. In the early part of 1894, defendants in error brought a trespass suit against Jacob W. Cassell, charging him with cutting timber upon the north-west quarter of said south-east quarter, of which defendants in error claimed to be the owners. Upon the trial of this suit, some question was made as to the validity of the administrator's deed executed to Isaac Joseph, the father of the defendants in error, in 1858. Thereupon, Jacob W. Cassell applied to the heirs of Joseph Riley for a deed of their interest in the north-west quarter of said south-east quarter. The heirs of Joseph Riley then surviving, as we understand the record, were Samuel Riley, Catherine Scott and Elizabeth or Lydia Cooper. Accordingly, on February 9, 1894, a deed was executed, conveying said north-west quarter to Jacob W. Cassell, in which said heirs were named as grantors, but the deed is signed only by Samuel Riley and his wife, and by Catherine or Kittie Scott; it is not signed or executed by Mrs. Cooper or her husband. On October 17, 1894, the plaintiff in error, Jacob W. Cassell, executed a deed, conveying to his wife, Alice J. Cassell, the whole of the west half of said south-east quarter. The latter deed was set aside in favor of

Jacob W. Cassell's creditors in October, 1894, in a proceeding instituted by those creditors, charging that the deed made by Cassell to his wife was made in fraud of the rights of his creditors. When the land was purchased by the plaintiff in error, Jacob W. Cassell, of Emison and Barr on February 6, 1892, he executed to them a mortgage for $600.00 to secure part of the purchase money. The deeds sought to be set aside as clouds upon the title are those made by Samuel Riley and Mrs. Scott to Jacob W. Cassell and by Jacob W. Cassell to his wife, Alice J. Cassell.

W. F. FOSTER, for plaintiffs in error.

GEE & BARNES, for defendants in error.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

The only question, which we deem it necessary to consider in this case, is that which relates to the validity of the deed executed by the administrators of the estate of Joseph Riley, deceased, on August 21, 1858, to Isaac Joseph, the father of defendants in error. If that deed was valid, Isaac Joseph, the purchaser at the administrator's sale, obtained a good title to the undivided half of the west half of the south-east quarter of the section. The fact of the parol partition is conceded by both parties to the suit. The plaintiffs in error admitted in their answer in the court below that this parol partition, by which the north-west quarter was set off to Joseph Riley in his lifetime and the south-west quarter to David Bishop, was recognized by the grantees from Bishop and by Isaac Joseph and his heirs down to the time of the purchase of the south forty acres of the property by the plaintiff in error, Cassell, in February, 1892.

Plaintiffs in error object to the validity of the deed, executed by the administrators of Joseph Riley to Isaac Joseph upon the alleged ground that the county court,

which entered the order or decree directing the administrators to sell the property, had no jurisdiction to render such order or decree. The decree is claimed to have been entered without jurisdiction for the reason that, upon its face, it does not show service of process upon the heirs of Joseph Riley, deceased.

Where a decree for the sale of land by an administrator to pay the debts of the estate contains a recital upon its face that service was had upon the proper parties, or that the court has jurisdiction over the defendants, such recital is *prima facie* evidence of service, and will stand as sufficient proof of the same, until rebutted by evidence showing the want or absence of service. (*Goudy* v. *Hall,* 30 Ill. 109; *Botsford* v. *O'Conner,* 57 id. 72; *Bowen* v. *Bond,* 80 id. 351; *Matthews* v. *Hoff,* 113 id. 90). When the court finds by its decree that there was service, this finding cannot be contradicted in a collateral proceeding except by the record itself in the original proceeding. For example, if the decree recites that the summons has been served upon the defendants, and the summons itself shows that there was no service, or that the return of service by the sheriff was insufficient to give the court jurisdiction, then such finding in the decree may be contradicted by the return upon the summons. The finding of service in the decree cannot be contradicted by parol testimony, or by other evidence outside of the record. (*Botsford* v. *O'Conner, supra; Clark* v. *Thompson,* 47 Ill. 25; *Reedy* v. *Camfield,* 159 id. 254).

In the case at bar, however, the decree of sale entered by the county court, which was introduced in evidence upon the trial below, contains no recital as to service of summons upon the heirs of Joseph Riley. Their names are mentioned in the entitlement of the proceeding for the sale of the property of the deceased, and they are referred to in the decree as defendants. The statute of February 18, 1857, which was in force when the sale was made to Isaac Joseph, required the heirs of the deceased

intestate to be made defendants, and required that summons should be issued and served upon them. (Gross' Stat. of Ill. 1871, p. 819). The decree being silent as to service of summons upon said heirs who were defendants, and containing no recital in relation thereto, the question arises whether any presumption is to be entertained in favor of the jurisdiction of the court over the defendants.

No evidence was offered below to show, that there was no service of summons upon the heirs of Joseph Riley. The summons itself was not produced, nor was the return of the sheriff thereon shown. The contention of the plaintiffs in error is, that inasmuch as the decree contains no recital upon the subject, it must be conclusively presumed that the defendants to the proceeding were not served with summons.

It is well settled that a court of general jurisdiction, acting within the scope of its authority, is presumed to have jurisdiction to render the judgment or decree it pronounces, until the contrary appears. (*Knowlton* v. *Knowlton*, 155 Ill. 158; *Huntington* v. *Metzger*, 158 id. 272). In collateral proceedings nothing is presumed to be outside of the jurisdiction of courts of general jurisdiction but that which specially appears to be so. (*Reedy* v. *Camfield*, *supra*). In this State the county court, although a court of limited jurisdiction, is not, strictly speaking, a court of inferior jurisdiction. It is a court of record, and has a general jurisdiction of unlimited extent over certain classes of subjects. When acting within that sphere, its jurisdiction is as general as that of the circuit court. When the county court acts within the limits of its jurisdiction, liberal intendments will be indulged in favor of its judgments and decrees, the same as they are indulged in favor of the judgments and decrees of the circuit court. (*Barnett* v. *Wolf*, 70 Ill. 76; *Propst* v. *Meadows*, 13 id. 157; *Von Kettler* v. *Johnson*, 57 id. 109; *Matthews* v. *Hoff*, *supra*).

The principle, that presumptions will be entertained in favor of the jurisdiction of courts of general jurisdic-

tion, has been applied to cases where the decree is silent as to the service of process upon the defendants. In *Swearengen* v. *Gulick*, 67 Ill. 208, we said (p. 212): "Where the record of a judgment or decree is relied on collaterally, jurisdiction must be presumed in favor of a court of general jurisdiction, although it be not alleged or fails to appear in the record." (*Wenner* v. *Thornton*, 98 Ill. 156). In *Benefield* v. *Albert*, 132 Ill. 665, we said (p. 671): "Where a decree is called in question collaterally, as is the case here, it may be regarded as a general rule, that in all courts of general jurisdiction nothing is presumed to be out of their jurisdiction but what specially appears to be so; but, on the contrary, nothing shall be intended to be within the jurisdiction of an inferior court but that which is expressly alleged. (*Swearengen* v. *Gulick*, 67 Ill. 208). In the case cited it was also held, that where the decree was silent as to the jurisdiction of the court over the defendants, in the absence of evidence showing that jurisdiction was not acquired, it would be presumed that the court had jurisdiction." (*Reedy* v. *Camfield, supra*). Again, in *Nickrans* v. *Wilk*, 161 Ill. 76, we said (p. 83): "The rule, that nothing shall be intended to be out of the jurisdiction of a superior court except that which expressly appears to be so, is applicable where there is a collateral attack upon the record of the court, which is silent as to service upon the parties. The presumption of jurisdiction in such case embraces not only jurisdiction of the subject matter, but also of the parties. 'Should the record disclose nothing, jurisdiction over the person as well as the subject matter will always be presumed when the validity of the judgment is questioned collaterally.'"

In the present case, the sale by the administrators of the estate of Joseph Riley, deceased, to the father of defendants in error was made in August, 1858. The heirs of Joseph Riley never questioned this sale, nor made any movement to set it aside for nearly forty years. For the first time in 1894, thirty-six years after the sale was

made, the plaintiff in error, Jacob W. Cassell, sought to question the validity of the sale by obtaining a deed from two of the heirs of Joseph Riley. The third heir did not sign the deed, and there is evidence tending to show that the heirs, who did sign it, disclaimed any interest in the property, and made statements to the effect that the defendants in error were the real owners of it. "The presumption in favor of the regularity of judicial proceedings becomes conclusive after the lapse of time without objection being made. Accordingly, the presumption will be indulged after twenty years, in favor of every judicial tribunal acting within its jurisdiction, that all persons concerned had due notice of its proceedings. It will be presumed after the lapse of twenty years, in favor of the validity of judicial proceedings, that the parties concerned had due notice, although the record does not affirmatively show that fact." (*Nickrans* v. *Wilk*, 161 Ill. 76). In view of the fact that thirty-six years elapsed after the entry of the decree for the sale of the property in question by the county court before any objection was made to the validity of the decree, it will be presumed that the court had jurisdiction to render it, even though the decree itself does not affirmatively recite, that the defendants in the proceeding were served with process.

Other questions are discussed by counsel on both sides, but their determination is unnecessary in view of what has been said. No evidence having been introduced to show, either from the records of the proceeding, or otherwise, that the court did not have jurisdiction over the defendants, the presumption will be entertained that it had such jurisdiction, and therefore the deed, made in pursuance of the sale, was valid. This being so, the defendants in error are entitled to the relief, which was granted to them by the court below. The decree of the circuit court is affirmed.

*Decree affirmed.*