Elias Cockrell et al., Appellants, v. County Court of Jersey County et al., Appellees.

1. COUNTY COURTS—*jurisdiction to determine contested election.* The County Court has by statute final jurisdiction to hear and determine a contested election held upon the proposition as to whether or not particular territory shall be saloon or anti-saloon.

2. COUNTY COURTS—*character of jurisdiction of.* A county court, although a court of limited jurisdiction, is not, strictly speaking, a court of inferior jurisdiction.

3. PROHIBITION—*when Circuit Court without jurisdiction to issue writs of.* When the legislature has vested in the County Court exclusive and final jurisdiction of an election contest, the Circuit Court is without authority to prohibit the County Court from exercising such jurisdiction.

Petition for writ of prohibition. Appeal from the Circuit Court of Jersey county; the Hon. OWEN P. THOMPSON, Judge, presiding. Heard in this court at the November term, 1908. Affirmed. Opinion filed May 19, 1909.

HAMILTON & HAMILTON, for appellants.

RUFUS M. POTTS and ALFRED ADAMS, for appellees.

MR. JUSTICE BAUME delivered the opinion of the court.

Appellants filed their petition in the Circuit Court of Jersey county, in vacation, against the County Court of said county, wherein they prayed that a writ of prohibition be issued commanding the said County

Court to desist and refrain from exercising any jurisdiction in a proceeding then pending in said court to contest the validity of a certain election theretofore held on April 7, 1908, in the town of Jersey, in said Jersey county, under and by virtue of the statute providing for the creation by popular vote of anti-saloon territory. In accordance with the prayer of said petition a temporary writ of prohibition, was, by one of the judges of said Circuit Court of said Jersey county, ordered to be issued in vacation, and thereafter in term time, upon the motion of the County Court of Jersey county by the presiding judge of said court the said petition for a writ of prohibition was dismissed and the temporary writ of prohibition theretofore issued was dissolved and appellants were adjudged to pay the costs of the proceeding.

We have heretofore held in the case of The People v. Haushalter, ante p. 399, wherein it was sought by *quo warranto* proceedings to test the jurisdiction of the county court of Jersey county in a proceeding to contest the validity of the same election, that the County Court had final jurisdiction in such proceeding, and it is not necessary to repeat what was said upon that subject in the opinion filed in that case.

In People v. Circuit Court, 173 Ill. 272, it was said: "The writ of prohibition is an extraordinary writ issuing out of a court of superior jurisdiction and directed to an inferior court for the purpose of preventing the latter tribunal from usurping jurisdiction of a matter with which it is not legally vested, and is used to keep inferior courts within limits and bounds prescribed by law. The writ issues upon the ground that it is the remedy provided to prevent an excess of jurisdiction, and this writ cannot take the place of a writ of error, which proceeds upon the ground of error in the exercise of jurisdiction. A writ of prohibition cannot be permitted to bring before the court what may properly be brought before a higher tribunal by a writ of error or *certiorari,* and can never be used

as a process for the correction of errors in inferior tribunals, when such tribunals have jurisdiction of the subject-matter.   Mere irregularities in the proceedings of inferior courts, a mistaken ruling on questions before such courts on matters within their jurisdiction, do not constitute a sufficient ground for granting the writ of prohibition, since such action would be the exercise of appellate power, which can only be properly adjudicated or determined on appeal or writ of error and in some cases by *certiorari.*   Whenever an inferior court has jurisdiction of a matter in controversy it is not within the province of a superior court to interfere, by prohibition, to correct errors or mistakes, but a party aggrieved must be left to pursue the ordinary remedies for the correction of errors. In the application of this principle with reference to the writ of prohibition it cannot matter whether the judgment of the inferior tribunal was correct or erroneous, for if its jurisdiction exists, prohibition will not go to prevent an erroneous exercise of the jurisdiction or to prevent or correct a mistake in the action of the inferior tribunal.   A very broad distinction exists between the control of the court within the bounds of its jurisdiction by this writ, and controlling its jurisdiction of a subject-matter over which it has a right to proceed.   The latter case is not within the bounds of the proper exercise of a writ of prohibition.''

The County Court, although a court of limited jurisdiction, is not, strictly speaking, a court of inferior jurisdiction (Cassell v. Joseph, 184 Ill. 378; Newcomb v. County of Champaign, 145 Ill. App. 561) and when the legislature has, as in this case, vested in the County Court exclusive and final jurisdiction the Circuit Court is without authority to prohibit the County Court from exercising such jurisdiction.

The order of the Circuit Court dismissing the petition for the writ of prohibition and dissolving the temporary writ was right, and its judgment will be affirmed.

*Affirmed.*