JENORA HANSON, Appellant, v. THOMAS HANSON, Appellee.

No. 44721.

FEBRUARY 15, 1939.

J. W. Thompson and W. W. White, for appellant.

Gerald O. Blake, for appellee.

MILLER, J.— ■ Appellant filed a petition for divorce alleging, as grounds therefor, desertion for 18 years. She also asked for alimony and a writ of attachment. Appellee asserted

that the parties were divorced over six years previously. By amendment to petition, appellant asserted that the former decree of divorce was void because it was granted solely on notice by publication, which was fatally defective. The trial court found the former decree to be valid and a complete defense to this suit. Appeal was perfected to this court.

. There were two particulars in which it is claimed that the service of the notice by publication was defective. One is that there was no written statement in the record that the newspaper, in which the notice was published, was selected by appellant, as plaintiff, or her attorney. The other is that the proof of publication, being made by the foreman of the newspaper, did not constitute proof by the foreman of the publisher. We find no merit in either contention.

Appellant relies upon the rule that the presumption of regularity in the rendering of a judgment does not apply to judgments obtained by publication of notice. This rule is stated in the case of Hawk v. Day, 148 Iowa 47, 53, 126 N. W. 955, 958, as follows:

"The only apparent exception to this general rule is in cases dependent upon notice by publication or other form of constructive service, and in proceedings in which the court is called upon to exercise powers which are purely statutory. In such cases it has been held that to sustain a judgment the record must itself disclose facts affirmatively indicating the several steps by which jurisdiction has been acquired."

It will be noted that the rule, upon which appellant relies, requires that the record must show facts affirmatively indicating the several steps by which jurisdiction has been acquired. Section 11084 of the Code of 1931 required that notice by publication be given in some newspaper of general circulation, "selected by the plaintiff or his attorney". The record herein shows that the notice was properly published.

There was no formal written statement in the record that the newspaper was selected by plaintiff or her attorney. We do not construe the statute as requiring it. The statute does not state when the selection has to be made.

The record shows that, in securing the decree, the plaintiff and her attorney relied upon the notice and induced the court to act upon it. This affirmatively indicates that the news-

paper was selected by the plaintiff and her attorney. It was sufficient to satisfy any jurisdictional requirement imposed by the provision giving the plaintiff, or her attorney, the privilege of selecting the newspaper in which the notice was published.

The second proposition urged by appellant is that the affidavit of publication, having been made by the "foreman of the Webster City Freeman Journal, a daily newspaper of general circulation published at Webster City, Hamilton County, Iowa," the same did not sufficiently indicate that proof of such publication had been made by affidavit of "the publisher or his foreman" to constitute compliance with section 11085 of the Code of 1931. The contention is hypercritical if not frivolous. We see no merit in it.

The proceedings, whereby the decree of divorce was obtained in 1931, were regular and in full compliance with the statutes of this state. The decree is valid. It dissolved the marital status of the parties. There was no relationship of husband and wife to constitute the subject matter of the present suit.

The decree of the trial court was right. It is affirmed.— Affirmed.

MITCHELL, C. J., and RICHARDS, HAMILTON, BLISS, HALE, and SAGER, JJ., concur.