JOHN A. BRADLEY *et al.*

*v.*

ALEXANDER DRONE *et al.*

*Opinion filed October 19, 1900.*

|187    175|
|d188   ¹394|

|187    175|
|208    ³454|

1. COLLATERAL ATTACK—*proceeding to cancel administrator's deeds as clouds is a collateral attack.* A bill for partition.and to set aside as clouds on complainant's title deeds acquired by the defendants under an administrator's sale is a collateral attack upon the proceedings of the county court under which the sale was had.

2. SAME—*on collateral attack presumptions are in favor of jurisdiction of the court.* In case of a collateral attack upon the proceedings of the county court nothing is presumed to be out of its jurisdiction except that which specially appears to be so.

3. SAME—*mere irregularities are not sufficient basis for collateral attack.* · Mere irregularities in the proceedings of the county court with reference to an administrator's sale do not afford a basis for collateral attack.

4. JURISDICTION—*when it will be presumed that court had jurisdiction of defendants.* Where an administrator's order of sale recites that all of the defendants have been duly served with process or by publication, as the law requires, more than the lawful time prior to the sitting of the court, it will be presumed on collateral attack, even if the summons in the record is void and the certificate of publication defective, that another and proper summons was issued and served and that proper publication was had and a correct certificate of notice and of publication was before the court.

WRIT OF ERROR to the Circuit Court of Gallatin county; the Hon. CARROLL C. BOGGS, Judge, presiding.

This is a proceeding by bill in chancery, filed by plaintiffs in error in the circuit court of Gallatin county, at the September term, 1892, to partition certain real estate, and to remove as clouds upon their title the deeds of defendants in error acquired by virtue of an administrator's sale of lands belonging to the estate of Joshua Bradley, deceased.

In substance, the bill alleges that on November 25, 1896, Joshua Bradley died intestate, leaving complainants and others his heirs-at-law, and owning at the time of his death about three hundred acres of farming land,

a part of which was his homestead, and a number of lots in the town of Bartley; that the administrator, on September 19, 1878, filed in the county court of that county a petition to sell real estate to pay debts of the estate, showing the debts to be $4065.55 in excess of personal assets; that the petition was not in conformity with the statute and was therefore insufficient to give the court jurisdiction; that the summons issued in said cause was not legal; that the publication notice to Mary E. Evans, a non-resident and one of the heirs, was void; that at the December term following, a decree was entered finding "that all of the defendants have been duly served with process or by publication in a newspaper, as the law requires, more than the lawful time prior to the sitting of the court, and the court doth find that this court has jurisdiction both of the parties defendant and complainant and the subject matter of this suit," and ordering the land to be sold, setting forth terms, place of sale, etc. The bill further alleges that said statement as to the finding of the county court as to the service and jurisdiction was untrue; that in pursuance of said order of sale the administrator, on the 28th day of March, 1879, sold the said premises; that the deceased left an infant son, who was entitled to a homestead right, but that said right was not adjudicated or assigned to him; that the complainants, being the heirs-at-law of the deceased, are still owners of the premises as tenants in common. The prayer is that the court decree that the said proceedings of the county court were without jurisdiction, and that the sale by the administrator, and the deeds executed by him, and all conveyances and deeds thereunder, be held to be void and clouds upon the title of complainants; that an account be taken of rents and profits, and that the land be divided.

After general demurrer being overruled, the defendants filed answers, admitting the allegations as to the administrator's sale but denying that the proceedings

were in any way illegal and void; admitting that no homestead estate was assigned to the infant son of the deceased, but denying that he was entitled to such an estate.   Upon a hearing at the February term, 1896, the bill was dismissed for want of equity.  Complainants now prosecute this writ of error to reverse that decree.

JESSE E. BARTLEY, GEORGE W. PILLOW, and CARL ROEDEL, for plaintiffs in error:

The county court, in proceedings to sell real estate to pay the debts of an intestate, derives its jurisdiction from the statute alone, and no presumption arises to support its action in any given particular.   Every essential fact necessary to such jurisdiction must appear affirmatively of record, as nothing shall be intended or presumed to be within its jurisdiction.   *Payson* v. *People,* 175 Ill. 267; *Railroad Co.* v. *Galt,* 133 id. 657.

The summons, printer's certificate of publication and clerk's certificate of mailing notice to a non-resident defendant are as much a part of the record in the case as is the decree.   *Donlin* v. *Hettinger,* 57 Ill. 348; *Randall* v. *Songer,* 16 id. 27; *Payson* v. *People,* 175 id. 267.

By a collateral proceeding is to be understood any proceeding which is not instituted for the express purpose of annulling, correcting or modifying a judgment or decree.   Vanfleet on Collateral Attack, sec. 3; 12 Am. & Eng. Ency. of Law, (1st ed.) 147.

A suit in equity to impeach a decree and annul an administrator's deed based thereon is a direct attack and not a collateral proceeding.   *Hurlbut* v. *Thomas,* 55 Conn. 181; Vanfleet on Collateral Attack, sec. 2; *McCampbell* v. *Durst,* 73 Tex. 410; *Borders* v. *Hodges,* 154 Ill. 478.

W. S. PHILLIPS, and C. S. CONGER, for defendants in error:

Where the record of a judgment or decree is collaterally attacked jurisdiction will be presumed, although it

be not alleged in the decree thus attacked or fails to appear in such decree; and such presumption of jurisdiction cannot be overcome or destroyed by any extrinsic evidence, but only when the record itself shows there was no jurisdiction. *Field* v. *Peeples,* 180 Ill. 376; *Harris* v. *Lester,* 80 id. 307; *Spring* v. *Kane,* 86 id. 580; *Matthews* v. *Hoff,* 113 id. 90; *Swearengen* v. *Gulick,* 67 id. 208; *Turner* v. *Jenkins,* 79 id. 228; *Propst* v. *Meadows,* 13 id. 157.

In collateral attacks, where a void summons or publication is found among the files, and the record finds due service or publication, it will be presumed in support of jurisdiction that some other and proper summons or publication was proven to the court. *Reddick* v. *Bank,* 27 Ill. 145; *Harris* v. *Lester,* 80 id. 307; *Moore* v. *Neil,* 39 id. 256.

The county court is a court of general jurisdiction in reference to sale of lands by administrators. Every presumption will be indulged in favor of their jurisdiction, and this presumption can only be overcome, in a collateral proceeding, when its own record shows there was no jurisdiction. *Field* v. *Peeples,* 180 Ill. 376.

Mr. JUSTICE WILKIN delivered the opinion of the court:

As a basis for asking the removal of the administrator's deeds as clouds upon the title of plaintiffs in error, it is urged that the proceedings in the county court under which the real estate in question was sold were wholly without jurisdiction, and void. This is clearly a collateral attack upon the proceedings of the county court. In *Moore* v. *Neil,* 39 Ill. 256, (a similar case then before this court,) it was held that such a proceeding as this, where the defendant's title derived from the administrator's sale is sought to be divested, is as purely collateral as an action of ejectment. (*Swearengen* v. *Gulick,* 67 Ill. 208; *Harris* v. *Lester,* 80 id. 307; *Spring* v. *Kane,* 86 id. 580; *Matthews* v. *Hoff,* 113 id. 90; *Field* v. *Peeples,* 180 id. 376.) Being a collateral attack upon the county court proceedings, the rule is that nothing is presumed to be out of its

jurisdiction but that which specially appears to be so.
In *Matthews* v. *Hoff*, *supra*, where the jurisdiction of the
county court was attacked collaterally, we said (p. 96):
"Every presumption will be indulged in favor of the ju-
risdiction of a court of general jurisdiction, and county
courts in this State are courts of general jurisdiction
with respect to all matters coming within the purview
of their jurisdiction as given by law." See, also, *Field* v.
*Peeples, supra*, and cases cited.

The petition of counsel for plaintiffs in error is, that
the record of the proceedings of the county court upon
its face shows an absence of jurisdiction, because, it is
said, the petition filed by the administrator, asking for
an order to sell real estate to pay debts, fails to allege
the necessary facts with reference to amount of claims
allowed, the estate on hand and the manner of disposing
of the same, and the amount of claims paid. While we
are satisfied the petition is a substantial compliance with
the requirements of the statute, the objections pointed
out, if well founded, are at most but mere irregularities,
and are not open to review in this collateral proceeding.
There may be errors in the proceedings to sell land which
might, on direct appeal, lead to a reversal of the order;
but where, as here, the proceeding to sell is attacked
collaterally, as is held in the case last above cited it can
not be defeated or impeached for mere errors.

It is next contended the summons issued on the day
the petition was filed, and being made returnable to the
November term following, was void because the October
term of the county court intervened, it being insisted
that the petition should have been addressed to the first
term thereafter (the October term) and the summons made
returnable to that term. The decree which was rendered
at the December term following, as shown by the fore-
going statement, recites that "all of the defendants have
been duly served with process or by publication in a
newspaper, as the law requires, more than the lawful

time prior to sitting of the court, and the court doth find
that this court has jurisdiction both of the parties de-
fendant and complainant, and the subject matter of the
suit," etc. Even conceding the summons of September 19
void for the reasons urged, yet from the finding that due
service by summons was had upon the defendants it will
be presumed, in a collateral attack, that another and
proper summons was issued and served. "All reasonable
presumptions are in favor of the jurisdiction of the court,
and the law will presume, *prima facie*, at least, from the
finding of the court, that such was the fact; that such
summons, with the proper return on it, was before the
court and may have been abstracted or lost from the
files." *Matthews* v. *Hoff, supra*, and cases cited.

It is also said the publication notice to non-resident
Mary E. Evans was based upon the void summons of Sep-
tember 19, and no presumption that a proper publication
was had can be indulged because there was not sufficient
time for such notice. As in the case of personal service
of summons, it will be presumed from the recitals of the
decree as to the jurisdiction, that, in ample time before
the decree was rendered, proper publication notice was
had and a correct certificate of mailing of notice and of
publication was before the court. The defective certifi-
cate of publication and mailing, which appears in the
record, is not the only evidence of that fact, and we must
presume that other evidence was offered as a basis for
the finding of the court. *Barnett* v. *Wolf*, 70 Ill. 76; *Harris*
v. *Lester, supra.*

It being established that the bill of complainants must
be treated and considered as an attempt to collaterally
attack the proceeding by the administrator and his deeds
to the several purchasers, and that the county court had
jurisdiction both of the subject matter and the persons
of the heirs of the intestate, all other alleged errors are
unavailing as grounds for declaring void and setting aside
that proceeding and the conveyances thereunder. The

failure to set off the homestead of the infant, and the other errors urged, are, at most, but mere irregularities intervening in the county court and upon the administrator's sale, and, as we have shown above, cannot be availed of in a collateral attack.   We deem it unnecessary, therefore, to give further attention to them.

The decree of the circuit court dismissing the bill will be affirmed.                                *Decree affirmed.*

Mr. Chief Justice Boggs having heard this cause in the circuit court took no part in the decision here.