### SHERRARD *v.* CUDNEY.

1. BOUNDARIES—ADVERSE POSSESSION—ADMISSIONS.
   The verbal admissions of a defendant concerning a boundary are admissible; but a line established by mutual agreement, and acquiescence and continuous occupancy for more than 20 years, cannot be changed by such admissions without a writing.

2. EVIDENCE—RECORD OF SURVEY.
   A survey recorded in the office of the county surveyor under 1 Comp. Laws, § 2622, is competent evidence.

3. ADVERSE POSSESSION — TIMBER LAND — CHARACTER OF OCCU-PANCY.
   In an action of trespass, where defendant claimed ownership by adverse possession up to a certain fence,—that he had cultivated a portion of the land, and occupied the remainder as a wood lot,—a charge that his possession must have been *pedis positio*, open, and subject to the observation of any one around in the vicinity, such that every person could understand it, that it must be based upon something more than silent permission of improvements, and that it must be based upon facts which showed in explicit terms a state of facts that would satisfy the legal definition, was erroneous, as tending to give the jury the impression that more was required of defendant than is necessary under the law.

Error to Shiawassee; Smith, J.   Submitted April 24, 1903.   (Docket No. 51.)   Decided July 14, 1903.

Trespass by William Sherrard against L. G. Cudney for cutting timber.   From a judgment for plaintiff, defendant brings error.   Reversed.

*Watson & Chapman* and *W. J. Parker,* for appellant.

*John T. McCurdy,* for appellee.

MOORE, J.   This is an action by plaintiff for trespass for the cutting of certain trees on the south half of the northwest quarter of section 2 in the township of Caledonia, owned by the plaintiff.   Defendant purchased the land adjoining plaintiff on the south, receiving his deed March 14, 1880.   He claimed that on February 23, 1880, he cut a line through, and built a brush fence as establishing the line between his farm and the one now owned by the plaintiff; that he has been in the open, visible, and adverse possession of the land on the south up to the fence for more than 20 years; that 13 years ago last February he built a rail fence in the place of the brush fence, and has cultivated fields right up to this fence, on the east part of the farm, and occupied the balance as a wood lot.   It is also the claim of defendant that the fence is on the true line; that, when the brush fence was built, the surveyor's stake was found at the east end, and the fence was built west from that stake to a surveyor's stake at the west end.   It is the plaintiff's claim that the fence was not on the true line, but at its west end was about 28 feet too far north, as shown by a survey made in 1895, and that the trees cut were north of the true line and on plaintiff's land, though south of the fence; and that defendant had not acquired title by adverse possession.

Judging from the record, the trial was not a very orderly one.   There was more talk between counsel, and between the judge and counsel, than was seemly.   Many assignments of error are made.   We have considered them all, but shall not discuss them all.

Error is assigned as to the admissions made by defendant when the survey was made in 1895. Mr. Cudney was one of the chainmen who participated in making the survey. He is also a party to this litigation, and for that reason we think the testimony competent; but he was entitled to an instruction as to the effect of what he said, according to the rule laid down in *Burns* v. *Martin*, 45 Mich. 22 (7 N. W. 219).

Error is assigned as to the admission of a survey recorded in the office of the county surveyor, said to have been made by Lyman Mason in 1879. It is claimed on the part of the plaintiff that the diagram on page 236 and the notes on page 237 constitute Mr. Mason's survey. Upon page 236 there are entries relating to a survey made in 1895, which of course could not have been part of the survey made by Mr. Mason. Counsel says this portion of the exhibit was not offered in evidence. With these entries eliminated, if the two pages are shown to be connected together as the recorded survey made by Mr. Mason, I think it competent to admit them under section 619, 1 How. Stat.

Error is assigned upon the refusal of the judge to give defendant's requests to charge, and upon the charge as made. We have already referred to one instruction which the defendant was entitled to have given to the jury in case he had acquired title by adverse possession. We have already said the defendant claims he occupied up to the fence, claiming to be owner of all the land south of the fence; that the east portion was cultivated to the fence; and that west of the cultivated portion the land was used as a timber lot in the way such a lot is ordinarily used by the farmer.

Among other things, the trial judge instructed the jury as follows:

"Now, possession, as I have stated to you, must have been actual; that is, possession *pedis positio*,—the placing of the foot. He must have had control, been on it, and had possession of it continuously; that is, he could

not have possession for one year, quit a year, go on a year, and call that continuous possession. That would not be continuous. Visible acts of the possessors must be open, not clandestine, but a subject of observation to any one around in the vicinity. It must be notorious. It must be such that every person could understand it; nothing secret about it; open, notorious possession. It must be distinct; that is, it must mark out the boundaries of the land claimed to be possessed distinctly, so there can't be any dispute about what he possesses. To illustrate that: A highway is sometimes acquired by user, although not regularly laid out. If a highway is laid out in this State, it is laid out to a certain width, I think 66 feet wide,—four rods; and, if the highway is a highway by being laid out, then it would be that width or the width at which it was laid out, whether it was used or not; but, if it becomes a highway by user, then only the part of the ground along there which has been used by the public as a highway becomes a highway by user, whether it is crooked or straight. If there is a fence along the edge of it, or if to where we claim the highway, still it would not affect it at all, because only that part which is used by the public is a highway. I speak of this as an illustration. The possession must be hostile; that is, adverse to everybody or anybody that could claim an interest in opposition to it. A man comes into possession of land under an agreement to enter in there; it can't be hostile possession; it must be a possession hostile, that says, 'I own this land; this is my land; I claim it against all the world.' * * *

"As I said, adverse possession is founded upon the doctrine of estoppel, and estoppel, when allowed, must be based on something else than the silent permission of improvements by a party who has not acted in bad faith or done any act which the other party had a right to regard as meant to bind his conduct. Adverse possession must be clearly shown, and not left to inference. Where title is claimed by an adverse possession for the statutory period of 15 years, it should appear that the possession had been actual, continued, visible, notorious, distinct, and hostile. Adverse possession, to give title, must be an actual, continued, visible, notorious, distinct, and hostile possession, and a finding of adverse possession must be based upon facts which show in explicit terms a state of facts that will satisfy the legal definition. * * *"

This portion of the charge was not a correct statement

of the law, and was well calculated to give the jury the impression that more was required of the defendant than the law requires.   The rule as to adverse possession is correctly stated in *Sauers* v. *Giddings*, 90 Mich. 50 (51 N. W. 265); *Henry* v. *Henry*, 122 Mich. 6 (80 N. W. 800); *Pugh* v. *Schindler*, 127 Mich. 191 (86 N. W. 515).

Judgment is reversed, and new trial ordered.

The other Justices concurred.