## MARTHA REINHARDT
### *v.*
### SOPHIA SEAMAN *et al.*

*Opinion filed February 17, 1904—Rehearing denied April 12, 1904.*

1. JUDICIAL SALES—*a widow may bid at administrator's sale held to pay her award.* A widow is entitled to ask that real estate other than the homestead shall be sold if necessary to pay the amount adjudged as her award, and she may in good faith bid at the sale.

2. SAME—*when administrator's report that he sold property for cash is not fraudulent.* ·A report of sale by an administrator stating that he sold the property for cash is not fraudulent by reason of the fact that instead of cash he received from the widow a receipt for the amount of her adjudged award against the estate, ·which amount she had in good faith bid at the sale.

3. SAME—*failure to set off homestead cannot be complained of in collateral proceeding.* Failure to set off the homestead of the widow and children in an administrator's sale subject to such homestead, at which the widow was the purchaser, bidding the amount of her widow's award, cannot be complained of in a collateral proceeding.

4. HOMESTEAD—*when widow has absolute right to dispose of homestead.* Where property is sold by the administrator to the widow subject to dower and homestead, the dower interest becomes merged in the fee, and the widow has a right to dispose of the homestead estate by releasing the same in a trust deed without the consent or concurrence of the minor children, since their homestead interest is subordinate to that of the widow.

APPEAL from the Circuit Court of Cook county; the Hon. E. O. BROWN, Judge, presiding.

LUDMIL KANDLIK, for appellant.

DAVID EICHBERG, (CHARLES L. BARTLETT, of counsel,) for appellees,

Mr. JUSTICE BOGGS delivered the opinion of the court:

Bernhard Reinhardt died December 15, 1893, in Cook county, leaving a widow, Pauline, and six children, all of whom, including the appellant, Martha, were minors. At the time of his death, and for some years prior thereto, said Bernhard owned lot 24 in Webb's subdivision of lots 7 and 8, in block 2, of Cochran's subdivision of the west half of the south-east quarter of section 6, town 39, north, range 14, east, in the city of Chicago. On the premises were situate a stone and brick flat-building, three stories high in the front, and a two-story brick flat-building in the rear. The said Bernhard, together with his said wife and children, resided in one of the flats of the building, and had for many years made such flat his home. The other flats were rented to tenants. He and his wife had executed two trust deeds on the premises, both to Charles H. Fleischer, as trustee, one to secure an indebtedness evidenced by a note for $3000, the other to secure a note in the sum of $300. Each of these trust deeds was acknowledged by the said Bernhard and his wife, and in the body of the deeds and in the acknowledgments thereof the homestead rights and interests of the makers of each of the trust deeds were duly and legally waived and relinquished. The entire property was of the value of about $6000 or $6500. After the death of said Bernhard his widow and children continued to reside in the said flat.

In June, 1895, Frank A. Stauber, administrator of the estate of the said Bernhard Reinhardt, filed a petition in the probate court of Cook county for a decree to sell the said lot and the building thereon, to pay the debts of the decedent. The widow and heirs of the deceased were made parties defendant to the proceeding and were served with process. The petition set forth the existence of the two trust deeds, recited the amount of the indebtedness secured by each of them, the rate of inter-

est secured to be paid, the date of the maturity of each indebtedness, and prayed for a decree ordering sale of the premises subject to the two trust deeds, and subject also to the dower interests of the said widow, and also the homestead rights of the widow and children of the deceased. The widow suffered a default. Isadore H. Himes was appointed guardian *ad litem* to litigate and defend for the minor defendants, including Martha, the appellant. The guardian *ad litem* filed an answer for the minors, neither admitting nor denying the allegations of the petition, but reserving all rights, and praying for strict proof of all matters and things alleged against them. On the hearing a decree was entered directing the premises to be sold by the administrator subject to the lien of the two trust deeds before mentioned, and also subject to the dower of the widow and the homestead rights of the widow and children of the deceased. At a sale under the decree the widow bid the sum of $1400 for the premises, subject to the said trust deeds, her dower and the homestead rights of herself and her children, which was the highest and best bid therefor. The sale was reported to and approved by the probate court, and on the 20th day of September, 1895, the administrator executed and delivered to said widow, Pauline, an administrator's deed for the said premises.

In May, 1896, the trust deed for $3000 having matured, the said widow, Pauline, executed a note for that amount and a trust deed upon the property securing the note, and delivered the said note and trust deed to the said Charles H. Fleischer, who was the payee in the note and the trustee in the trust deed, who thereupon canceled and delivered to her the former note for $3000 and released of record the former trust deed given by herself and her husband securing the same. In April, 1899, the note and trust deed given by the widow in 1896 became due, and the widow, said Pauline, together with Lizzie, the older of her children, who had arrived at legal age,

in order to procure the money to pay and discharge the same, executed their note for $3600, payable to Sophia Seaman, one of the appellees, five years thereafter, and bearing six per cent interest per annum, and to secure the same executed also a trust deed to appellee Samuel Eichberg, as trustee, whereby they mortgaged the premises aforesaid to secure the payment of the said note. This trust deed, both in the body and in the acknowledgment thereof, released and relinquished the homestead interests of the makers.

On the fifth day of February, 1902, the appellees, Sophia Seaman, the holder and owner of the said note, and said Eichberg, the trustee in the trust deed given to secure the same, filed this their bill in chancery to foreclose the said trust deed. The appellant and the other children of the said Bernhard Reinhardt were, among others, made parties defendant to the bill. The appellant, Martha, filed a separate answer to the bill for foreclosure, in which she set up that the premises were the homestead of her father, Bernhard Reinhardt, during his lifetime, and upon his death the homestead right, under the statute, inured to her mother, the widow, Pauline, and herself and the other minor children of said Bernhard, and alleged that the widow, Pauline, and the said Stauber, the administrator, fraudulently procured to be entered the decree for the sale of the premises, subject to the dower of the said Pauline and the homestead rights of the said Pauline and said minor children of the deceased, well knowing that if so sold no one would bid a fair price at the sale for such an interest in the property. The answer also averred that the administrator "fraudulently made a pretended sale" of the premises to the widow, Pauline, for a grossly inadequate consideration; that said Pauline did not pay, nor did Stauber receive, said $1400, or any other sum, therefor; that the sale was, therefore, without consideration and void; that the said trust deeds executed by said Pauline after she had re-

ceived a deed from the administrator for the premises did not create liens upon the premises, but were clouds upon the title of her, the said Martha, and her said brother and sisters. Said Martha also filed a cross-bill in substance the same as her answer, and averred that the probate court was without jurisdiction and power to decree a sale of the premises subject to the homestead of herself and her brother and sisters, and prayed that the trust deed sought to be foreclosed should be declared of no valid force and effect as a lien, and should be removed and canceled as a cloud on the true title of herself and her brother and sisters to the property.

Replication was filed to the answer, and an answer was filed to the cross-bill, and replication thereto. The cause was heard and a decree entered fixing the amount due on the note secured by the trust deed in favor of the complainant and declaring said trust deed to be a valid lien on the premises, subject to the right of defendants, Martha, Millie, Emma and Katie Reinhardt, to occupy as a homestead a portion of said premises, including the dwelling house, of the value not exceeding $1000, until they shall severally attain twenty-one years; finding the present value of the homestead interest to be $387; directing that commissioners be appointed to set off and allot the homestead in the premises of the value of $1000, "to be occupied by the defendants, Martha, Millie, Emma and Katie Reinhardt, until they shall attain the age of twenty-one years," if such allotment could be made without injury to the interests of the parties in the premises, and that if such allotment should be made the residue of the premises should be sold by the master, or as much thereof as might be necessary to realize a fund out of which to pay the appellees the principal and interest of the indebtedness secured by the trust deed, and that if such homestead cannot be specifically set off from said premises without injury to the parties interested, that then said master proceed to sell all of said premises, to-

gether with all buildings and improvements thereon, or
so much thereof as may be sufficient to realize the amount
due complainant, and which may be sold separately with-
out material injury to the parties interested, at public
auction, for cash, and if the entire premises be sold un-
der the provisions of the decree, including homestead
rights and interests of the defendants, Martha, Millie,
Emma and Katie Reinhardt, then out of the proceeds of
said sale said master shall pay into court, for the bene-
fit of Martha, Millie, Emma and Katie Reinhardt, the
sum of $387, being the amount heretofore found to be the
present value of the homestead interests of said Martha,
Millie, Emma and Katie Reinhardt, said sum of $387 to
be divided among said Martha, Millie, Emma and Katie
Reinhardt in the proportions to which they are legally
entitled.  Complainant in the cross-bill, Martha Rein-
hardt, has perfected this appeal to reverse the decree.
The appellees have assigned as cross-error that the
court erred in not holding that the trust deed executed
by the widow, Pauline, and Lizzie Reinhardt, to the
appellee Eichberg, subjected the estate of homestead of
all the children of said Bernhard Reinhardt, deceased,
to the lien of the trust deed.

We think the charges of fraud made against Pauline,
the mother of appellant, and the administrator, were
not sustained by the proof.  The charges were, in the
main, general, and constructive or implied rather than
actual or intended.  So far as specific at all, the charge
seems to be that Pauline desired to obtain the title to the
property, and chose the plan of procuring it to be sold
to her by the administrator in payment of her widow's
award, and as a part of the scheme procured the decree
to be entered ordering the premises sold subject to the
homestead of herself and her minor children.  The award
to which the widow was entitled had been ascertained
and fixed by the court.  It was not contended that any
wrong or fraud entered therein.  The widow was entitled

to receive that amount from the estate and to ask that the real estate of the deceased other than the homestead should be sold to pay the amount so legally found due to her. She had the legal right to bid at the sale. There was no evidence that the sale was conducted otherwise than in a fair and lawful manner. The amount bid at the sale cannot be said to have been inadequate. The estimated value of the property is from $6000 to $6500, from which, in order to obtain its salable value, must be deducted the value of the homestead estate, $1000, and the value of the dower of the widow. The total indebtedness contracted by the ancestor and secured by the two trust deeds on the property was $3300, besides interest. The amount bid at the sale was $1400, which, with the encumbrance assumed by the bidder, amounted to $4700 and more for the property, subject to the dower of the widow and the homestead right of herself and her children. The sale could not be avoided on the ground the bid was inadequate.

The report made by the administrator that he had sold the premises for cash was not rendered fraudulent by the fact that he only received the receipt of the widow acknowledging payment of the award to her. The receipt discharged the indebtedness of the estate to the same extent that it could have been paid in money.

The failure to set off the homestead of the widow and children, even if that could have been done without injury to the premises, was but a mere irregularity, which might have been urged on appeal from the decree of the probate court or writ of error to reverse the same, but which does not constitute a valid objection to the decree in a collateral proceeding. (*Bradley* v. *Drone*, 187 Ill. 175.) The probate court had jurisdiction of the parties and of the subject matter of the proceeding, and the decree rendered by it cannot be attacked in a collateral proceeding for mere errors or irregularities not going to the jurisdiction of the court. *Moffitt* v. *Moffitt*, 69 Ill. 641; *Har-*

*ris* v. *Lester*, 80 id. 307; *Bradley* v. *Drone, supra; Frothing-ham* v. *Petty*, 197 Ill. 418.

The deed from the administrator vested in Pauline, the widow, the title to the property subject to the homestead estate and her right of dower. The dower interest became merged in the fee, and Pauline, being the mother of the appellant and the other children of the deceased householder, became vested with the absolute right to dispose of the homestead estate without the concurrence or consent of the children. (*Clubb* v. *Wise*, 64 Ill. 157; *Kingman* v. *Higgins*, 100 id. 319; *Capek* v. *Kropik*, 129 id. 509; *Hayack* v. *Will*, 169 id. 145.) In the case of *Hayack* v. *Will, supra,* we said: "The husband entitled to a homestead dying and leaving a widow and children, the homestead becomes vested in the widow, who may sell, encumber or abandon the same. In case of a sale or encumbrance by such widow, with proper acknowledgment, the conveyance or lien is complete as against the children." The trust deed executed to the appellees by the widow released and relinquished the homestead estate in due form of law and subjected the homestead estate in the property to the lien of the trust deed. The homestead interest of the appellant and the other children of the deceased in the estate are subordinate to the interests of the mother in the homestead estate and to the lien of the trust deed given by the mother to the appellees. The release of the homestead by the widow in the trust deed was effectual, and the lien of that instrument was complete against the entire fee simple title to the property.

It follows, then, that so much of the decree as declares the lien of the trust deed of the appellees to be subject to the right of the appellant and her sisters, Millie, Emma and Katie, to occupy a portion of the premises as a homestead, and fixing the fair present value of such interest at $387, was erroneous, and must be and is reversed. In all other respects the decree is affirmed.

*Decree reversed in part.*