(No. 14228.—Decree affirmed.)

DANIEL A. POST *et al.* Plaintiffs in Error, *vs.* ALVERTA C. WEAVER *et al.* Defendants in Error.

*Opinion filed February 22, 1922.*

1. DEEDS—*when burden is on heirs of grantor to prove that deed was not delivered.* In a suit for partition among the heirs of an intestate, if a defendant heir produces and relies upon a deed conveying to her a portion of the intestate's property, the presumption is that the deed was signed and sealed according to its purport and that the grantee received it from the grantor even though it imposes upon her an obligation to support the grantor, and the burden is on the grantor's heirs to show by clear proof that the deed was not delivered.

2. SAME—*lease executed by husband is not competent as an admission to affect wife's title as grantee.* A lease executed by a husband is not competent in evidence as an admission affecting the title of his wife as grantee under a prior deed made to her by the lessor, which she produces and relies upon in a suit for partition.

WRIT OF ERROR to the Circuit Court of Fulton county; the Hon. R. J. GRIER, Judge, presiding.

W. SCOTT EDWARDS, for plaintiffs in error.

BURNETT M. CHIPERFIELD, and CLAUDE E. CHIPERFIELD, for defendant in error Alverta C. Weaver.

Mr. JUSTICE DUNN delivered the opinion of the court:

Leah Post died intestate on August 6, 1918, and on August 27 a bill was filed in the circuit court of Fulton county for the partition of seventy-nine acres of land which it was alleged she owned at the time of her death. Her heirs were all made parties complainant or defendant, and Alverta C. Weaver, a daughter, answered, denying that Leah Post at the time of her death owned a certain forty-acre tract, a part of the land sought to be partitioned, and alleging that on August 26, 1915, she and her husband conveyed that tract by warranty deed to Alverta C. Weaver, the deed con-

taining a condition that Alverta C. Weaver and her husband should take "responsible care" of the grantors during their lives, and "then, if they shall faithfully discharge their duties in the matter above stated, this deed shall become in full force and effect." The answer alleged performance of the condition. The cause was referred to a master, who reported the evidence and his conclusion that the complainants were not entitled to partition of the forty acres. Exceptions to his report were overruled, and a decree was entered granting partition of the thirty-nine acres and dismissing the bill for want of equity as to the forty acres. The complainants have sued out a writ of error to review the record.

The evidence shows a conveyance to Leah Post on March 9, 1865, and a lease by her on September 18, 1917, to B. C. Weaver of the seventy-nine acres for the life of the lessor, at an annual rental of $500, on condition that "the said B. C. Weaver is to furnish a home for said Leah Post on the premises and is to furnish her with food, care and all the necessities of life, except clothing and doctors' bills; agreed that said Leah Post shall sell all of her personal property on the said premises except one mare; said Weaver to repair fences, keep manure hauled out and weeds cut, and in case of failure to carry out his part of the terms of the lease he agrees to surrender up possession." It further appears that Leah Post and her husband, Stephen, lived on the land until Stephen's death, in February, 1917, and that Leah Post and Alverta C. Weaver, and B. C. Weaver, her husband, lived there afterward. Alverta C. Weaver was the only witness to prove her answer. She produced the deed from Leah Post and testified that she had been in possession of the forty acres from Leah Post's death. The deed was not recorded until after the grantor's death. There is no evidence as to when it came into her possession. It appears only that she had it when she offered herself as a witness.

Where a deed duly executed is found in the hands of the grantee the presumption of delivery arises, which can only be overcome by clear and convincing evidence. (*Griffin* v. *Griffin,* 125 Ill. 430; *Dunlop* v. *Lamb,* 182 id. 319; *Roche* v. *Roche,* 286 id. 336.) An acceptance by the grantee is essential to render a deed operative, and the plaintiffs in error argue that an acceptance will not be presumed where the deed, as in this case, imposes a liability upon the grantee. It has been frequently held that where the presumption of delivery arises from the placing of a deed on record by the grantor without the grantee's assent and knowledge, an acceptance by the latter will not be presumed if the deed imposes a liability upon him. The grantor cannot by his own act make a contract binding on the grantee without his assent. (*Sellers* v. *Rike,* 292 Ill. 468; *Hill* v. *Kreiger,* 250 id. 408; *Creighton* v. *Roe,* 218 id. 619; *Thompson* v. *Dcarborn,* 107 id. 87.) Where a grantee is in possession of a deed and claims title under it a presumption arises of delivery to and acceptance by him. (*Wiggins* v. *Lusk,* 12 Ill. 132.) Where a deed is produced by the grantee named therein, the presumption is that it was signed and sealed according to its purport and that the grantee received it from the grantor, and the burden is then on the grantor to show by clear and positive proof that the deed was not delivered. *Reed* v. *Douthit,* 62 Ill. 348.

The plaintiffs in error contend that the entering into the lease by B. C. Weaver was an acknowledgment that Leah Post was at that time the owner of the land and was sufficient to overcome the presumption of delivery and acceptance of the deed. The deed, however, was made to Alverta C. Weaver, and no admission by her husband was competent to affect her title under the deed.

The decree is affirmed.

*Decree affirmed.*