(No. 16011.—Reversed in part and remanded.)
TILLIE EHRLICH *et al.* Appellees, *vs.* VERLIN TRITT *et al.*
Appellants.

*Opinion filed February 17, 1925—Rehearing denied April 10, 1925.*

1. DOWER—*when dower is properly allowed to divorced wife.*
Dower is properly allowed to a wife who procured a divorce from
her husband for his fault after he had purchased the land and had
begun collecting the rents and profits therefrom, although he did
not pay the purchase money and receive his deed until after the
divorce was granted, as his equitable interest in the land is a suf-
ficient basis for the allowance of dower.

2. DEEDS—*testator does not commit fraud on devisees by con-
veying the land.* One who has made a will still owns his property
and may dispose of the same as he pleases without thereby com-
mitting any fraud upon his prospective devisees or heirs.

3. SAME—*delivery of deed is a question of intention.* Whether
a deed was delivered is a question depending upon the intention
of the grantor as shown by his acts and words, but such delivery
must be in his lifetime.

4. SAME—*presumption as to delivery of deeds.* The presump-
tion is that a deed was delivered on its date, and where an un-
recorded deed is found in the hands of the grantee after the grant-
or's death the presumption of delivery can be overcome only by
clear and convincing evidence.

5. SAME—*what does not overcome the presumption of delivery.*
Where unconditional warranty deeds, formally executed, are found
in the grantee's hands after the grantor's death the presumption
of delivery is not overcome by mere proof of statements by the
grantor and the grantee, who were nephew and aunt, that they
had both executed deeds and that the purpose of their execution
was that the survivor of the two should have the property of the
one dying first.

APPEAL from the Circuit Court of Jefferson county; the
Hon. JOHN C. EAGLETON, Judge, presiding.

WESNER & WESNER, and CURTIS WILLIAMS, for ap-
pellants.

G. GALE GILBERT, and HARMAN GILBERT, (GEORGE G.
GILBERT, guardian *ad litem,*) for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

Henry J. White, who sometimes appears in this record as John Henry White, died on March 27, 1922. He had been married, but on October 6, 1910, his wife obtained a divorce from him on account of his extreme and repeated cruelty. Their son, Arthur R. White, was White's only heir. At the time of White's death the records in the recorder's office of Jefferson county showed that he held the title to 150 acres of land in Jefferson county. His will, which was executed in 1914, devised a life estate in this land to his aunt, Nancy D. Daugherty, with remainder to his heirs. On March 30, 1922, three deeds were filed for record in the recorder's office of Jefferson county purporting to have been executed by White and to convey all this land to Mrs. Daugherty in fee. Various conveyances of the land were made by Mrs. Daugherty and the title has become vested in Verlin Tritt and William E. Daugherty. Mrs. Daugherty died on December 28, 1924. White's divorced wife, Tillie Ehrlich, and Arthur R. White, his heir, filed a bill to the July term, 1923, of the circuit court of Jefferson county for the assignment of dower to Tillie Ehrlich in 30 acres of the land and for the cancellation of the deeds of White to Mrs. Daugherty and of the deeds of Mrs. Daugherty and her grantees, by which the title has been vested in Tritt and William E. Daugherty. The bill as amended averred that these deeds were made without any consideration; that at the time of the execution of the deeds by White he and Mrs. Daugherty, in order to defeat the provisions of White's will, colluding together for the purpose of defrauding the complainants under the will, entered into an oral agreement whereby White executed the deeds in question and Mrs. Daugherty executed deeds conveying to White certain lands and it was agreed between them that the survivor of them should have the deeds of the other; that the deeds were to remain in the possession

of the grantor and were not to be delivered to the grantee
unless and until the grantor should precede the grantee in
death, and that the deeds were to be delivered only upon
and after the death of the grantor and should be null and
void should the grantee die before the grantor.  It was fur-
ther alleged that White's deeds to Mrs. Daugherty were
deposited in a safety box of White in the Dix State Bank,
to which box they both had access; that the agreement was
contrary to law and void and was a fraud on the rights of
the complainants, and that the deeds were never delivered
to Mrs. Daugherty.  Tritt and William E. Daugherty, in
whom the title conveyed to Mrs. Daugherty had been vested
by *mesne* conveyances, were made defendants and answered,
the cause was heard and a decree was entered granting the
relief prayed for, from which the defendants have appealed.

The decree awarded dower in the north 30 acres of the
east half of the northeast quarter of section 24 to Tillie
Ehrlich, for the reason that Henry J. White was the equi-
table owner of the land during his marriage with Tillie
Ehrlich, though he did not receive a conveyance of the
legal title until 1912.  Testimony was introduced showing
that White, who lived in Chicago at that time, purchased
the land of his aunt in 1909 and thereafter occupied it by
tenants, from whom he collected the rent, and upon pay-
ment of the purchase money she conveyed the land to him
in 1912.  Since his marriage with Tillie Ehrlich was not
dissolved until 1910 she was entitled to dower in the land
of which he was the equitable owner previous to that time,
and the decree in that particular is right.

The decree setting aside the deeds is based on the find-
ing of the court that they were not delivered, and this find-
ing is not sustained by the evidence.  The only allegation
in the bill affecting the validity of the deeds is the state-
ment that they were not delivered to the grantee.  The
grantor could not collude with anyone to defeat the provi-
sions of his own will and could not defraud his prospective

heirs or devisees under his will for the reason that they had no rights to be defrauded of. His property was his own, to be disposed of by his absolute direction, and no disposition which he might make of it could be a fraud on his heirs or devisees. He could not, of course, dispose of it by a deed which he did not deliver in his lifetime, not because of any fraud but because a deed not delivered is void and has no effect to convey anything, and delivery must be made in the lifetime of the grantor. Whether the deeds were delivered or not depends upon the intention of the grantor as shown by his acts and words. The deeds were ordinary statutory warranty deeds conveying the title in fee simple and containing no conditions. They were made at different dates,—one in 1917, one in 1919 and one in 1920. The circumstances of their execution are not disclosed by the evidence except as to the one executed in February, 1920, which was acknowledged before J. O. Purcell as a notary public, who is the cashier of the bank at Dix at which White kept an account and had a box. He testified that White said at the time he was making a deed of his land to Mrs. Daugherty: "In case if he died first she would get his land, and she was to make a like deed to him in case she died first he would come in possession of her land." Purcell did not know whether White put the deed, after it was signed, in his box in the bank or what he did with it, and the evidence does not show where or in whose possession the deeds were between the times of their dates and White's death. They were in Mrs. Daugherty's possession immediately after his death and were given by her to Verlin Tritt, who had them recorded. Purcell also testified to another conversation on another occasion with Mrs. Daugherty, who said to him that she was making deeds of her property to Henry White, "in case if she was to die that he would get what she had, and that he was making deeds to her in case that if he should die first that she would come in possession of what he had." She

did not tell him where the deeds were kept. The box in the bank was taken by both of them. Both had access to it and Purcell did not know anything about what was in it. It was a lock-box and he did not have access to it.

The claim that the deeds were not delivered is based on the testimony of the statements of White and of Mrs. Daugherty to Purcell, and similar statements made to others, that each was making a deed of his or her land to the other, and that if White died first Mrs. Daugherty would get his land and if she died first he would get hers. The presumption is that a deed is delivered on the day of its date. (*Redmond* v. *Cass, 226* Ill. 120.) Where an unrecorded deed is found in the hands of the grantee after the death of the grantor the presumption of delivery can be overcome only by clear and convincing evidence. (*Post* v. *Weaver,* 302 Ill. 169.) The deeds were found in the hands of Mrs. Daugherty after White's death and there is no evidence how she got possession of them. There is no evidence as to what disposition was made of them after their execution, where they were kept or in whose custody. The record is barren of evidence to overcome the presumption of delivery from the possession of the deeds by the grantee.

Verlin Tritt testified that Mrs. Daugherty gave him the deeds after White's death and he took them to Mt. Vernon and filed them for record. He also testified that three to five days before White's death White told Mrs. Daugherty to get the deeds for the land, and she did so. White looked them over and told her to take care of them; that they were for the land in Rome and Field townships. Objection was made to his competency as a witness because he was a party and was interested in the suit. He was competent to testify to what took place after White's death. His testimony as to the occurrence in White's lifetime was of no materiality in the decision of the case in view of the fact that there was no contradiction in the testimony that

316—15

Mrs. Daugherty produced the deeds from her possession after his death.

The decree assigning dower in the 30 acres will be affirmed but the decree setting aside the conveyances is contrary to the evidence and will be reversed and the cause remanded, with directions to dismiss the bill as to the deeds.

*Reversed in part and remanded, with directions.*