(No. 29962.—

W. Robert Johnston *et al.,* Appellants, *vs.* Walter C. Masterson, Appellee.

*Opinion filed May 22, 1947.*

BEVERLY, FUNK & ODDSEN, (PAUL G. FUNK, of counsel,) both of Elgin, for appellants.

CARLETON A. SHULTS, of Aurora, for appellee.

Mr. CHIEF JUSTICE GUNN delivered the opinion of the court:

The plaintiffs, W. Robert Johnston *et al.,* heirs-at-law of John W. Johnston, filed a partition proceeding in Kane county against Walter C. Masterson, a brother and heir and devisee of Elizabeth F. Hunt, deceased. John W. Johnston, the ancestor of plaintiffs, is claimed to have obtained title to one half of the property involved from

Charles L. Hunt in 1901. The master reported that plaintiffs had no interest in the premises, and this report was approved by the circuit court. All exceptions were overruled and decree rendered in favor of defendants. The appeal comes direct to this court because a freehold is involved.

The facts out of which the controversy arises are substantially as follows: At the time of his death in 1897, Wilbur C. Hunt owned the premises in question. He was survived by Elizabeth F. Hunt, who was his second wife, and by his two sons, Edwin M. Hunt and Charles L. Hunt. He died intestate. The widow resided in the property. On December 21, 1900, Edwin M. Hunt and Charles L. Hunt executed separate deeds to their stepmother, Elizabeth F. Hunt, which were both recorded on October 28, 1908. Each of these deeds was acknowledged before a notary public, and each had the requisite revenue stamps on the face thereof. On April 24, 1901, Charles L. Hunt made a quitclaim deed to John W. Johnston, the father of his wife, which was recorded on the same date. Elizabeth F. Hunt resided on the property continuously from the death of her husband in 1897 until her own death on December 4, 1934. Charles L. Hunt died October 12, 1935, and shortly thereafter the heirs of John W. Johnston, who died intestate, filed the suit against the devisee of Elizabeth F. Hunt, claiming by virtue of the deed of April 24, 1901.

The complaint was in the ordinary form, and the answer of Masterson alleged that, because of the prior deeds to Elizabeth F. Hunt, coupled with her possession of the premises, the plaintiffs had no title, and that Elizabeth F. Hunt acquired title by seven years of possession under color of title and payment of all taxes levied upon the premises, and likewise by the twenty-year adverse possession statute. The reply denies the deeds to Elizabeth F. Hunt, dated December 21, 1900, were ever delivered, and

also denies that the Statute of Limitations was properly invoked as a defense.

The evidence discloses beyond any question that Elizabeth F. Hunt resided on the property continuously from the date of the death of her husband until the date of her death. The proof likewise shows that all general and special taxes, excepting for one year, were paid by Mrs. Hunt, and in that year the receipt was given in her name, but recites it was paid by Charles. She also paid all special assessments and insurance premiums, and at her death the deeds made to her by her stepsons, Charles L. Hunt and Edwin M. Hunt, were found in her safety box.

The defense offered as a witness the son of Charles L. Hunt, deceased, who testified in substance that in 1926 he heard a conversation between Elizabeth F. Hunt and his father, in which she in substance admitted that she had come to the office of Charles L. Hunt and picked up the deeds in question and taken them home with her without authorization, or the payment of any consideration; that she stated this was some time after the date of the deeds, because the original transaction had fallen through by reason of her inability to get money.

There is considerable discussion in the briefs concerning the reliability of this evidence and the probability of its truth, which we will not comment upon for the reasons hereafter pointed out. The deeds in question were all admissible in evidence as ancient documents, because at the time of the trial they were more than thirty years old. (*Reuter* v. *Stuckart*, 181 Ill. 529; *Bradley* v. *Lightcap*, 201 Ill. 511.) The law presumes such a deed was duly delivered where found in the possession of the grantee, after the death of the grantor, (*Post* v. *Weaver*, 302 Ill. 169; *Brock* v. *Stines*, 258 Ill. 346; *Johnson* v. *Fulk*, 282 Ill. 328,) and hence the burden of proof that there was no delivery devolves upon the grantor. (*Waters* v. *Lawler*,

297 Ill. 63.) And it requires clear and convincing evidence to overcome such presumption of delivery. *Schroeder* v. *Smith*, 249 Ill. 574; *Standard Trust and Savings Bank* v. *Carlson*, 315 Ill. 451; *Maule* v. *Maule*, 312 Ill. 129.

Elizabeth F. Hunt was in continuous possession of the property from the date of her deeds, and her possession was sufficient to charge any subsequent purchaser with notice of all legal or equitable claims she had. (*German-American Nat. Bank* v. *Martin*, 277 Ill. 629.) This principle is so thoroughly established it is unnecessary to cite other numerous cases supporting it. The consequence of the principles announced is a presumption that the deeds to Elizabeth F. Hunt under date of December 21, 1900, conveyed the full legal title of Charles L. Hunt to her, which, merging with her dower and homestead rights, would create a fee simple in her favor, (*Hooper* v. *Goldstein*, 336 Ill. 125; *Reinhardt* v. *Seaman*, 208 Ill. 448,) and give to her deeds the same effect as though they had been recorded prior to the deed of Charles L. Hunt to John W. Johnston, and therefore the effect of the later deed was merely to create a cloud on her title. *Roby* v. *South Park Comrs.*, 215 Ill. 200; *Allott* v. *American Strawboard Co.* 237 Ill. 55.

It is contended, however, that the proof shows that by the conversation had in 1926 she admitted the deeds were never delivered to her, and that she procured them by fraud, and promised later to repair the wrong by reconveying the property to Charles L. Hunt. Appellee claims this testimony is so unreasonable and so fantastic as to be unworthy of belief. There is substantial ground for this contention, since conversations claimed to have been had with a deceased person are regarded as of slight weight, and what weight it has is diminished by the fact that the person with whom made took no action during his life. But it is not necessary for us to weigh the evidence of this witness, because it is immaterial to the result in this case.

The evidence abundantly shows, practically without contradiction, that Elizabeth F. Hunt had acquired title under section 6 of the Limitations Act, (Ill. Rev. Stat. 1945, chap. 83, par. 6,) because she entered into the open and notorious and exclusive possession of the premises as of December 21, 1900, under the deeds of said date, and paid all of the taxes levied against said property for a period of more than seven years, and likewise at the time of the alleged conversation she had been in the actual, continuous, visible, notorious, adverse and exclusive possession of said premises for more than twenty years, which would bar any action for the recovery of the said land under section 1 of the Limitations Act. Ill. Rev. Stat. 1945, chap. 83, par. 1.

Without considering the nature of the title acquired by the deeds of December 21, 1900, it is apparent that Elizabeth F. Hunt obtained title under both the seven-year statute and the twenty-year Statute of Limitations, and we have held that declarations made by a party, contrary to interest, if made after the running of the twenty-year Statute of Limitations, are without effect, and such title by adverse possession cannot be divested by them. (*Lyons* v. *Stroud,* 257 Ill. 350.) Nor can admissions of such a character revest the title in the original owner. (*Cassidy* v. *Lenahan,* 294 Ill. 503.) Words alone cannot suffice to convey to a former owner the new title so acquired. The principle is supported by authorities from other States. *Rennert* v. *Shirk,* 163 Ind. 542, 72 N.E. 546; *Lamoreaux* v. *Creveling,* 103 Mich. 501, 96 N.W. 15; *Round Mt. L. & C. Co.* v. *Bass,* 136 Tenn. 687, 191 S.W. 341.

It is finally to be observed that no attempt is made by the plaintiffs or their predecessors in title to establish any claim until more than thirty-five years after the deeds were made, and until after the death of Elizabeth F. Hunt. Stale claims are not encouraged, and a court of equity will refuse to aid stale demands where a party has slept on his rights.

*Stoke* v. *Wheeler,* 391 Ill. 429, (25 years); *Simpson* v. *Manson,* 345 Ill. 543, (23 years); *LeGout* v. *LeVieux,* 338 Ill. 46, (50 years); *Korson* v. *Stathopulos,* 334 Ill.. 193, (11 years).

The conclusion we reach is that the plaintiffs are not entitled to recover either in law or in equity, and the decree of the circuit court of Kane county, dismissing the complaint for want of equity, is affirmed.

*Decree affirmed.*